**James S. MOFFITT, Plaintiff,**

v.

**TOWN OF BROOKFIELD, et al., Defendants.**

**Civ. No. B-88-203 (WWE).**

United States District Court, D. Connecticut.

March 18, 1991.

---

Dawn M. Dittmar, Ridgefield, Conn., for plaintiff.

William J. McNamara, Jr., Danbury, Conn., Carl R. Ficks, Jr., Edward T. Lynch, Jr., Eisenberg, Anderson, Michalik & Lynch, New Britain, Conn., for defendants.

Lewis S. Lerman, Carmody & Torrance, New Haven, Conn., for non-party witness Andre Roget.

EGINTON, District Judge.

## RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, claiming he was unlawfully terminated from employment as a police officer by the defendants. On March 6, 1991 plaintiff filed a Motion for Leave to Amend Complaint. For the reasons articulated below plaintiff's motion will be DENIED.

### DISCUSSION

#### I. Amendment Untimely

Pursuant to Fed.R.Civ.P. 15 it is within the sound discretion of the court to grant permission for leave to amend a complaint. *Kaster v. Modification Systems, Inc.*, 731 F.2d 1014 (2d Cir.1984). In the exercise of this discretion, the court will consider whether "undue delay, bad faith or dilatory motive on the part of movant, [and] undue prejudice to the opposing party ..." will result from allowing an amended complaint to be filed. *Hume v. Hertz Corp.*, 628 F.Supp. 763, 764 (D.Conn.1986).

Plaintiff Moffitt filed this suit on April 6, 1988, amending his complaint on August 16, 1988. The amended complaint contained one cause of action; an allegation of a denial of due process. Defendants filed their answer and special defenses on September 1, 1988. Extensive discovery has taken place since 1988, and the defendants have prepared a defense to the due process claim.

A pre-trial conference was held on March 26, 1990, by which time the parties had filed trial memoranda. The pre-trial order prohibits amendments to pleadings following a pre-trial conference, without leave of court for good cause shown.

On March 6, 1991, two days after jury selection and one week prior to the scheduled trial date, plaintiff filed this motion to amend. Plaintiff's motion seeks to add a new cause of action to his complaint; a Fourth Amendment search and seizure claim. Plaintiff has offered no reason why this claim was not pled earlier. To permit the assertion of this entirely new claim on the eve of trial would substantially prejudice the defendants.

#### II. Statute of Limitations

When there is no federal statute of limitations applicable to an action brought under 42 U.S.C. § 1983, courts properly look to state statutes of limitations to determine an appropriate time period. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). A civil rights claim based on a warrantless search is governed by Connecticut General Statutes § 52–577, which provides a three year statute of limitations. *Mitchell v. City of Hartford*, 674 F.Supp. 60 (D.Conn.1986). In the instant action plaintiff seeks to amend his complaint by adding a claim of unlawful search and seizure. The Motion to Amend was filed March 6, 1991. Plaintiff has alleged that this unlawful act took place on or about April 1, 1987. As such, under the applicable three year state statute of limitations, the claim expired on April 1, 1990.

Accordingly, plaintiff's motion to amend his complaint is DENIED.

SO ORDERED.